UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICKY FROST, | ) |
|       Plaintiff, | ) No. CV-10-3084-CI |
| v. | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner | ) AND DENYING DEFENDANT'S |
| of Social Security, | ) MOTION FOR SUMMARY JUDGMENT |
|       Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 17, 20.) Attorney D. James Tree represents Ricky Frost (Plaintiff); Special Assistant United States Attorney Gerald J. Hill represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court GRANTS Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed for Supplemental Security Income (SSI) on October 31, 2006. (Tr. 65.) He alleged disability due to diabetes, white film on his eyes, disc bulge in his neck, and lower back injury, with an original onset date of March 13, 2002. (Tr. 96-97.)

Benefits were denied initially and on reconsideration. Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ Riley J. Atkins on June 10, 2009. A supplemental hearing for vocational expert testimony was held September 9, 2009. (Tr. 550-61.) Plaintiff, who was represented by counsel, and vocational expert Patricia B. Ayerza (VE) testified. At the June hearing, Plaintiff amended his alleged onset date to October 31, 2006. (Tr. 566.) On September 17, 2009, the ALJ denied benefits. (Tr. 16-23.) The Appeals Council denied review (Tr. 5-8), and the matter now is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett* v. Apfel, 180 F.3d 1094, 1097 (1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

**SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 49 years old and had attended school until the ninth or tenth grade. (Tr. 566.) He testified his reading and writing were "not very good," he could read a newspaper although he would forget what he read, and he could not spell. (Tr. 567.) Plaintiff lives with his spouse and has past work as a seasonal truck driver and manual laborer. (Tr. 581-82.) Plaintiff testified he suffers from shoulder, neck, and headache pain for which he takes prescribed pain medication; he also has fairly well controlled

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

diabetes. (Tr. 571-73, 584.) He reported he could stand for 10 to 20 minutes and walk for about 15 minutes before his back starts hurting. (Tr. 580.) Plaintiff stated he could not work due his medical problems. (Tr. 581-83.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Atkins found Plaintiff had not engaged in substantial gainful activity since October 31, 2006. At step two he found Plaintiff had severe impairments of "cervical disc disease, obesity, diabetes mellitus, and hypertension." (Tr. 18.) He found Plaintiff's left arm fracture was non-severe because it was not expected to last for a 12-month period. *Id*. At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 15.) At step four, the ALJ determined Plaintiff had the residual functional capacity (RFC) to perform light work, except he was limited to standing and walking two hours in an eight-hour day; he was limited to occasional kneeling, crouching and stooping; and he was to avoid heights and dangerous machinery. *Id*. Based on the RFC and VE testimony, he concluded Plaintiff could not perform past work. (Tr. 21.) In his credibility findings, the ALJ found Plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the RFC. (Tr. 19.) Proceeding to step five, the ALJ considered VE testimony and found there was a significant number of jobs in the national economy Plaintiff could perform such as booth cashier and small products assembler. (Tr. 22.) He concluded Plaintiff was not disabled, as defined by the

Social Security Act, from the date his application for benefits was filed through the date of his decision. (Tr. 24.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) improperly rejected the opinions of treating physician, Brenda Colfelt, M.D., and (2) failed to meet the Commissioner's burden at step five. (ECF No. 18.) (ECF No. 18 at 12-16.) Defendant responds the Commissioner's decision is supported by substantial evidence and free of legal error. (ECF No. 21.)

**DISCUSSION**

**A.   Dr. Colfelt's Treating Source Opinions**

Plaintiff contends the ALJ did not give specific and legitimate reasons supported by the record for rejecting Dr. Colfelt's opinions regarding his limitations. (ECF No. 18 at 9-12, ECF No. 22 at 2-5.) In November 2007, Dr. Colfelt summarized Plaintiff's condition in a letter and opined he was "currently unable to work." (Tr. 191.) She referenced Plaintiff's severe, intermittent neck pain, uncontrolled hypertension, and diabetes issues, and efforts to control the pain with medication. (Tr. 191-92.) She also indicated Plaintiff was in need of surgical intervention for his neck issues. (Tr. 191.) In December 2008, Dr. Colfelt completed a medical source statement indicating she had treated Plaintiff between October 2006 and October 2008. She opined Plaintiff's impairments of chronic neck pain from spinal stenosis, diabetes, and hypertension prevented Plaintiff from maintaining work on a regular basis. (Tr. 217-218.) Specifically, she concluded Plaintiff needs to lie down during the

day for 30 to 60 minutes, was unable to work due to pain, would miss work 4 or more days a month, and sustained work would more likely than not worsen his condition. (Tr. 21, 217-18.)  Her opinions are supported by treatment records and lab reports from 2006 through October 2008.  (Tr. 189-216, 275-325.)

Under the Regulations, Dr. Colfelt's opinion carries more weight than an examining physician's opinion.  20 C.F.R. § 416.927; *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician.  *Lester*, 81 F.3d at 830.  If the medical opinion is contradicted, it can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record.  *Andrews v. Shalala,* 53 F.3d 1035, 1043 (1995).

The Commissioner can meet this burden by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (*quoting Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). Courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints as specific, legitimate reasons for disregarding a treating physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  Rejection of a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

medical source opinion is specific and legitimate where the medical source's opinion is not supported by his or her own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, (9th Cir. 2008).

The ALJ discussed Dr. Colfelt's treating opinions, found they were inconsistent with her treating notes, and gave them little weight. (Tr. 19, 21.) Specifically he found (1) her representation that a neurosurgeon recommended neck surgery is inconsistent with treatment notes that Plaintiff failed to follow up with the arranged neurosurgery consult, "even though the clinic was willing to see him with no insurance or money up front"; (2) her statement that Neurontin was "no help" for Plaintiff pain and numbness is inconsistent with a report of "complete resolution" of peripheral neuropathy (due to diabetes) with an increased dose of Neurontin; and (3) her opined limitations of decreased upper extremity strength and sensation were inconsistent with her observations of "reasonable range of motion of the neck, good strength in the upper extremities, and intact sensation of the upper extremities." (*Id.*; Tr. 84, 175, 201, 217, 227.)

Inconsistencies between a physician's own notes and her conclusions is a specific and legitimate reason to reject a contradicted treating physician's opinion.[1]  However, the ALJ's

---

[1] It is noted on independent review, that Dr. Colfelt's opinions are contradicted by other acceptable medical sources in the record. (Tr. 541-42.) Because Dr. Ho's opinion is based on independent findings, it is sufficient to reject a treating opinion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

reasoning also must be supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31.  If the ALJ does not meet the relevant legal standard, the treating opinion is credited as a matter of law. *Id. De novo* review indicates the ALJ's reasoning is not supported by substantial evidence.

The record shows Dr. Colfelt recommended Plaintiff see a neurosurgeon to assess the severity and treatment for severe chronic neck pain.  (Tr. 196-97.)  Plaintiff canceled an appointment with the neurosurgeon at Harborview Medical Center in December 2006 due to transportation problems.  (Tr. 197.) Plaintiff contends although he initially declined the appointment in December 2006, the record proves he followed up with a neurological consult at Harborview in February 2007. (ECF No. 22 at 2; Tr. 197.)  However, the record is ambiguous regarding whether Plaintiff was actually examined by a neurosurgeon who recommended surgery based on his findings.  Dr. Colfelt's notes indicate Plaintiff's December 2006 imaging "was reviewed by the neurosurgery department at Harborview Medical Center . . . , with the recommendation he have surgery."  (Tr. 191.)  This note does not establish Plaintiff was examined by a neurology specialist as recommended by Dr. Colfelt.  Further, Plaintiff did not submit medical records from a neurosurgeon to the Appeals

---

*Orn v. Astrue*, 495 F.3d 625, 631-32 (9th Cir. 2007).  Dr. Colfelt's conclusions also are contradicted by the non-examining opinion of agency physician Howard Platter, M.D.  (Tr. 133-41.)  To reject Dr. Colfelt's opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence.  *Lester*, 81 F.3d at 830-31.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

Council or the court to show he was examined by a specialist for his allegedly disabling neck pain.

Because the ALJ specifically noted the record does not contain referenced medical evidence that is significant in determining the severity and effects of Plaintiff's spinal stenosis, he had a duty to further develop the record by requesting the Harborview records and/or ordering a neurosurgery exam. 20 C.F.R. §§ 416.926(a)(c), 416.945(a)(3); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The failure to develop a complete record where significant evidence is found missing is legal error. Because this error has prejudiced Plaintiff, remand for further development of the record is required. *Tonapetyan,* 242 F.3d at 1151.

Plaintiff next argues the ALJ erred in assuming medication resolved his pain permanently, an assumption based on a hospital report indicating Neurontin administered in higher dosages relieved Plaintiff's foot pain and numbness. (ECF No. 22 at 2; Tr. 21, 227.) The record shows Neurontin was administered at twice the regular dosage by the attending physician when Plaintiff was admitted for uncontrolled hypertension in December 2007. (Tr. 226-30.) The physician noted Plaintiff was willing to continue this dosage. (Tr. 227.) Although the ALJ's finding that Neurontin was effective for relieving neuropathy is supported by substantial evidence, Dr. Colfelt noted Plaintiff's problems with side effects and allergies to pain medication prescribed for chronic neck pain and how unchecked pain was causing episodes of hypertensive urgency. (Tr. 191.) The ALJ's rejection of Dr. Colfelt's opinions regarding

Plaintiff's pain limitations based on the effectiveness of Neurontin in controlling diabetes symptoms is not specific and legitimate.[2] Dr. Colfelt consistently noted Plaintiff could not tolerate methadon, narcotics gave only partial pain relief, and other pain medication caused intolerable side effects. (Tr. 217, 230, 283, 288, 295.)

Finally, the ALJ's reliance on Dr. Colfelt's December 4, 2006 finding of "reasonable range of motion" on examination to reject her 2008 medical source statement is not a specific and legitimate reason to reject a treating physician's conclusions, where as here, records cover a three year treatment history. Review of the report relied upon by the ALJ notes Plaintiff complained of pain while turning and flexing his neck. (Tr. 201.) Further, treatment notes and hospital reports from the entire record show worsening pain, limitations, and problems with hypertension. The ALJ's failure to consider the entire record in his evaluation of Dr. Colfelt's opinions is legal error. Because the ALJ's reasons for rejecting

---

[2] It is noted on review that the effects of non-exertional limitations of chronic neck pain and medication side effects are not included in the ALJ's RFC assessment or hypothetical question presented to the VE in determining what, if any, work Plaintiff could perform. The Regulations are clear that in assessing an RFC, the ALJ must consider the effects of severe and non-severe impairments in combination, and include exertional and non-exertional limitations in the step five hypothetical question. 20 C.F.R. § 416.929.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

Dr. Colfelt's treating source opinions are not supported by substantial, her medical opinions are credited as a matter of law. *Lester*, 81 F.3d at 831, 834.

**B.  Step Five**

Plaintiff contends the ALJ's failure to incorporate examining physician Marie Ho's findings and his illiteracy in the hypothetical question to the VE is cause for remand. (ECF No. 18 at 12-14.) Dr. Ho formally assessed Plaintiff as capable of one hour of sitting, standing, or walking at one time for a maximum of two hours in an eight-hour work day. (Tr. 542.) She also found Plaintiff was limited to lifting occasionally up to 10 pounds due to medically established cervical spine impairments. (Tr. 541, 546.) She opined Plaintiff's inability to read or write may affect his ability to function in the workplace.[3] (Tr. 540.) The ALJ gave her opinions "significant weight," with the exception of limitations caused by a recently injured left arm. (Tr. 20.)

The ALJ correctly found limitations caused by left arm injury were not expected to last more than 12 months. (*Id*.) However, he failed reject the lifting and carrying limitation of 10 pounds (caused by Plaintiff's cervical impairment), failed to discuss Plaintiff's inability to read and write, and did not include these limitations in combination with other physical limitations in his

---

[3]  Illiteracy is defined as the "inability to read or write." A person who cannot read or write a simple message, instructions or inventory lists is considered illiterate, even if he or she can write her name. Typically, an illiterate person has had little or no formal schooling. 20 C.F.R. § 416.964(b)(1).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

RFC determination. 20 C.F.R. 416.929; *Lester*, 81 F.3d at 830. The exclusion of these unrejected limitations in the discussion of Dr. Ho's report, the RFC determination, and in the hypothetical at step five is legal error and cause for remand. *See Pinto v. Massanari*, 249 F.3d 840, 846 (2001)(without findings regarding illiteracy, the reviewing court is unable to determine if step five findings are supported by substantial evidence).

**C.  Remedy**

Additional evidence is needed regarding Plaintiff's neurological limitations due to spinal stenosis and additional findings are necessary regarding Plaintiff's functional illiteracy and consideration of exertional and non-exertional limitations (caused by pain and medication side effects) assessed by Drs. Colfelt and Ho. Because it is not clear from the record whether Plaintiff is disabled, additional proceedings in which all impairments are considered in combination are appropriate.

On remand, Plaintiff may submit additional records. The ALJ shall further develop the record with a neurology examination and, based on the additional evidence, re-evaluate the medical opinions, re-evaluate impairments alone and in combination throughout the sequential evaluation process, and re-evaluate Plaintiff's RFC. If necessary, the ALJ shall make new step five findings with the assistance of a vocational expert.  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(ECF No. 17)** is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings consistent with this opinion and pursuant to

sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment **(ECF No. 20)** is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff, and the file shall be **CLOSED.**

DATED April 12, 2012.

```
                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE
```